UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Patrick J. Downey,  Case No. 3:18-cv-2403

    Plaintiffs

v.  MEMORANDUM OPINION
AND ORDER

City of Toledo,

    Defendant.

## I. INTRODUCTION AND BACKGROUND

On June 4, 2018, an officer with the Toledo, Ohio Police Department, using a mobile speed camera, clocked a car owned by Plaintiff Patrick Downey at 71 mph in a 60-mph speed limit zone. (Doc. No. 16-1 at 1). Downey attended an administrative hearing on July 19, 2018. The hearing officer denied Downey's motion to dismiss, which alleged violations of his constitutional rights, and upheld the notice of violation. Downey refused to pay the $120 fine, or the subsequent $25 penalty assessed after his refusal to pay the fine. (*See* Doc. No. 16-1 at 5).

Downey filed suit, seeking a declaratory judgment that Toledo Municipal Code § 313.12 violated his due-process rights under the Fourteenth Amendment to the United States Constitution. (*See* Doc. No. 16). Downey filed a motion for summary judgment, (Doc. No. 19), while Defendant filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. (Doc. No. 26).

While the parties were briefing these motions, Ohio House Bill 62 took effect. *See* 2019 Am. Sub. H.B. No. 62 (effective July 3, 2019). House Bill 62, among other things, amended Ohio Revised Code § 1901.20 to vest "exclusive jurisdiction over every civil action concerning a violation of a state traffic law or a municipal traffic ordinance" in the municipal courts. Ohio Rev. Code § 1901.20(A)(1).

Subsequently, the Supreme Court of Ohio granted a writ of prohibition brought by another motorist who received a notice of liability generated by the City of Toledo's automated traffic enforcement system. *State ex rel. Magsig v. Toledo*, --- N.E.3d ---, 2020-Ohio-3416, 2020 WL 3444420 (Ohio 2020). The Supreme Court concluded the City of Toledo lacked the authority to permit an administrative hearing officer to exercise quasi-judicial power in carrying out the City's red-light and speeding-camera civil-enforcement system, codified in Toledo Municipal Code § 313.12. *Id.* at *2. The Supreme Court prohibited the City of Toledo from conducting further administrative hearings because Toledo Municipal Code § 313.12 contravened the plain language of Ohio Revised Code § 1901.20(A)(1), which assigned exclusion jurisdiction over violations of municipal traffic ordinances to the municipal courts. *Id.*

Toledo Municipal Code § 313.12(d) permits the owner of the vehicle for which a citation was issued to appeal the citation and to have a hearing before an administrative officer, through a process established by the City of Toledo Police Department. T.M.C. § 313.12(d)(4). The vehicle owner may appeal the hearing officer's decision to the municipal court or court of common pleas. Ohio Rev. Code § 4511.099(G). Downey appealed the citation and attended a hearing but did not appeal the outcome of his administrative hearing to the Toledo Municipal Court or the Lucas County Court of Common Pleas.

Though the legal framework under which Downey allegedly suffered harm is no longer in place, the change in law does not eliminate Downey's alleged harm. Therefore, I proceed to consider the parties' arguments.

## II.  STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[1] All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

## III.  ANALYSIS

### A.  EXHAUSTION OF REMEDIES

The City claims Downey is prohibited from pursuing his claims in federal court because he did not exhaust available administrative remedies, including by appealing the hearing officer's decision to the Toledo Municipal Court or to the Lucas County Court of Common Pleas. (Doc. No. 26 at 5-6). The City's argument lacks merit. Prior § 4511.099(G), since repealed by House Bill 62, described a permissive appeal process, not a mandatory one. *See* Ohio Rev. Code § 4511.099(G) ("A person or entity <u>may</u> appeal a written decision rendered by a hearing officer under this section

---

[1] While Defendant moved for judgment on the pleadings pursuant to Rule 12(c), Downey relied on matters outside the pleadings in opposing Defendant's motion. Further, Defendant presented its motion in the alternative as one under Rule 56. (Doc. No. 26). Therefore, I will apply the Rule 56 standard to both motions. *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006).

to the municipal court or county court with jurisdiction over the location where the violation occurred.") (eff. Mar. 23, 2015; repealed July 2, 2019) (emphasis added).

Further, federal law does not require that a plaintiff, other than a plaintiff who is an adult prisoner, exhaust state remedies prior to bringing § 1983 claims asserting violations of the plaintiff's constitutional rights. *See, e.g., Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496 (1982). Therefore, I deny this portion of Defendant's motion.

### B. DECLARATORY JUDGMENT

Downey seeks a declaratory judgment that Toledo Municipal Code § 313.12 violated his Fourteenth Amendment due-process rights by forcing him to choose between asserting his Fifth Amendment privilege against self-incrimination and challenging Defendant's taking of his property through the administrative procedure for adjudicating citations issued through the City's speed-camera enforcement system. (Doc. No. 16 at 6). He further argues that, because he did not receive due process at the administrative stage, the City cannot collect any fines or penalties or tow his vehicle if he refuses to pay. (*Id.*).

The Fifth Amendment permits an individual to refuse "to answer official questions put to him in any . . . proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

First, the City contends Downey could not have been compelled to offer testimony against himself because Ohio law only permitted it to proceed with an administrative hearing and prohibited it from bringing criminal proceedings against Downey. (Doc. No. 26 at 10 ("[T]he only available avenue for Defendant to proceed with a violation [was] through the administrative process . . . [and] Plaintiff's claim that his testimony would be used in a future criminal proceeding is wrong and runs in the face of the language of [Ohio Revised Code section] 4511.093.")).

4

At best, the City's argument lacks any merit, as barely two months prior to making that argument, the City had successfully convinced the Sixth District Court of Appeals that § 4511.093(B)(3) violated its home-rule authority and therefore was unenforceable. *City of Toledo v. State of Ohio*, 130 N.E.3d 341, 350 (Ohio Ct. App. 2019). The City's argument therefore is wholly unpersuasive. *Cf. New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (The doctrine of judicial estoppel prohibits "parties from deliberately changing positions according to the exigencies of the moment.") (citation omitted).

This does not mean that Downey may prevail. As he notes, the Supreme Court has recognized there is "an undeniable tension" created if an individual must choose between asserting his Fifth Amendment privilege against self-incrimination and providing testimony in pursuit of another right secured by the Constitution. *Simmons v. United States*, 390 U.S. 377, 393-94 (1968). The remedy for that tension, however, is not the abolition of the proceeding in which the individual is compelled to choose to invoke the privilege, but a rule prohibiting the government from using testimony offered in that proceeding against the individual in a future criminal proceeding. *Id.*

Ohio had such a rule at the time Downey appeared for his administrative hearing. Ohio law expressly provided that "[n]o decision rendered under this section, and no admission of liability under this section or section 4511.098 of the [Ohio] Revised Code, is admissible as evidence in any other judicial proceeding in this state." Ohio Rev. Code § 4511.099(H) ((eff. Mar. 23, 2015; repealed July 2, 2019) (emphasis added). That prohibition was an appropriate exercise of the State of Ohio's power to regulate the jurisdiction of the state courts. *City of Toledo v. State of Ohio*, 130 N.E.3d at 354. Therefore, Downey did not have to choose between his Fifth Amendment rights and his Fourteenth Amendment rights, because Ohio law provided sufficient safeguards for his Fifth Amendment rights to permit him to fully vindicate his Fourteenth Amendment right to due process.

Downey argues this jurisdictional limitation did not extend to his case because he received a citation following the officer's use of a mobile speed camera, rather than through a stationary automated camera. (Doc. No. 19-2 at 7). I need not answer the question of whether Toledo Municipal Code § 313.12 permitted the use of handheld speed cameras because tickets issued following the use of a handheld camera remain subject to the same administrative hearing procedure, and Ohio law prohibited the future use of allegedly-incriminating statements made during the administrative process, without regard to the validity or invalidity of the underlying citation. *See* former Ohio Rev. Code § 4511.099(H). That is, the City's administrative procedures provided a mechanism by which Downey could challenge the citation he received, including by challenging the manner in which the administrative hearing was conducted. Thus, Downey fails to establish the City's procedures violated his Fourteenth Amendment rights.

## IV.  CONCLUSION

For the reasons stated above, I deny Downey's motion for summary judgment, (Doc. No. 19), and grant Defendant's motion for summary judgment. (Doc. No. 26).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge